UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Denise Vo | | Not Present |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Granting Defendant's Motion for Partial Summary Judgment as to Gonzalez' PAGA Claims (fld 11-22-13)

The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling, hereby GRANTS the defendant's Motion and rules in accordance with the tentative ruling as follows:

Defendant OfficeMax North America, Inc. ("OfficeMax") moves the Court for partial summary judgment on Plaintiff Mauricio Gonzalez's ("Gonzalez") claim under the Private Attorneys General Act of 2004 ("PAGA"). (Docket No. 94-1.) Gonzalez opposes. (Docket No. 98.) For the following reasons, the Court GRANTS the motion.

I.   Background

   A.   Request for Judicial Notice ("RJN")

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(d). The Court takes judicial notice of the documents in OfficeMax's RJN (Docket No. 94-5) pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|

| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. |
|---|---|

### B. Factual Background[1]

#### 1. *Impetus for Lawsuit and Procedural Background*

The present action arises from OfficeMax's alleged practices of failing to provide meal and rest breaks to employees as required under California law. In October 2006, OfficeMax terminated Gonzalez for job abandonment. (SUF ¶ 1.) On January 3, 2007, Gonzalez sent a demand letter to OfficeMax notifying OfficeMax of Gonzalez's demand to pay him and other aggrieved employees compensation for various California law violations. (Decl. of Jeffrey A. Hollingsworth ("Hollingsworth Decl.") Ex. A, Docket No. 94-4.)

#### 2. *OfficeMax's Meal and Rest Break Policies*

OfficeMax's meal and rest break policies comply with California law. (SUF ¶ 4.) OfficeMax's rest period policy makes available at least one 10-minute rest period to associates who work 3.5 hours or more, "strongly encourages" associates to take scheduled rest periods, and "absolutely prohibits" managers and other associates from preventing another employee from taking a rest period. (¶ 5.) OfficeMax's meal period policy makes available a minimum 30-minute, off-duty meal period to associates who work more than 5 hours. (¶ 6.) OfficeMax educates and trains its associates on these policies. (¶ 8.) From March 2006 to March 2007, OfficeMax's California locations used the StaffWorks system to produce work schedules and process payrolls. (¶ 9.) The StaffWorks system generates weekly schedules for OfficeMax store employees, which include California-specific meal and rest breaks. (¶ 10.)

#### 3. *OfficeMax's Punch Data and Break Practices*

OfficeMax collects punch data on its employees. Between March 15, 2006, and

---

[1] Unless otherwise noted, the facts set forth are uncontroverted. To the extent challenged evidence is material to the Court's decision, objections are resolved as stated herein. Objections to evidence the Court does not rely on are immaterial, and the Court does not rule on them. The Court does not rely on legal conclusions presented as facts. All citations herein refer to OfficeMax's Statement of Uncontroverted Facts ("SUF") (Docket No. 94-2) unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

March 15, 2007, OfficeMax punch data contains punches for 3,124 employees. (¶ 11.) In this period, OfficeMax associates punched a meal period on approximately 75% of all shifts over 5 hours, and 83% of all shifts lasting 6 hours or more. (¶ 16.) Some associates did not always punch out for meal periods that they did take for various reasons, including that the punch system was malfunctioning, the associates forgot to punch out, the associates chose not to take the meal period or rest break available to them, and the associates did not realize they were required to punch rest breaks. (¶¶ 17-21.)

Gonzalez provides evidence from Dr. G. Hossein Borhani ("Borhani"), who opines on punch data from June 27, 2004 through June 17, 2007.[2] Borhani opines that, based on the 916,842 shifts analyzed, 1,156,398 rest breaks were earned but only 489,553 were recorded. (Decl. of Douglas W. Perlman ("Perlman Decl.") Ex. 1, ¶ 9, Docket No. 37-5.) Extrapolating for missing time periods through August 11, 2007, Borhani estimates that roughly 1,709,041 rest breaks were earned and only 723,511 recorded. (Id. at ¶ 9.) Borhani also determined that a total of 796,116 meal periods were earned during the relevant time but only 586,574 meal periods were recorded. (Id. at ¶ 10.) Extrapolating for missing time periods through August 11, 2007, Borhani estimates roughly 1,176,580 meal periods were earned but only 866,898 recorded. (Id. at ¶ 10.) Borhani also concluded that 5,666 out of 5,783 employees (98%) were owed at least one rest break or meal period. (Id. at ¶ 10.)

OfficeMax presents evidence from Dr. Peter H. Nickerson ("Nickerson") who opines on the punch data. Nickerson opines that OfficeMax's rest period punch data are substantially incomplete and cannot be relied upon to identify instances of missed rest periods. (Hollingsworth Decl. Ex. Y, at 6, Docket No. 94-4.) Nickerson also opines that there is little correlation between individual declarants' stated meal and rest break taking behaviors and their punch data. (Id. at 3.) Nickerson further opines that Gonzalez's punch data is not representative of other OfficeMax employees—Gonzalez punched a meal break less often than 80 percent of all other employees during the same period. (Id. at 5-

---

[2] Given the outcome of this Order, the Court finds it unnecessary to rule on OfficeMax's evidentiary objections to Borhani's testimony. (Docket No. 100-1.) However, the Court finds such evidence is likely to be excluded given the failure to disclose Borhani as an expert. See Fed. R. Civ. P. 26(a)(2)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx) Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

6.) Nickerson does not believe that the punch data reveal any reliable conclusions about whether a given employee actually took a break on a given day or was denied the ability to take a break on a given day. (Id. at 8, 11.) Gonzalez has not presented a rebuttal expert, nor deposed Nickerson. (Hollingsworth Decl. ¶ 8, Docket No. 94-3.)

Gonzalez testified that his ability to take rest breaks depended on the volume of shipments received by his store, the time of year, and who the on-duty supervisors were. (Decl. of Tracy R. Oneale ("Oneale Decl.") Ex. F, Gonzalez Depo. at 140-43, Docket Nos. 41, 42.) One of Gonzalez's declarants also testified that whether he missed his rest breaks "depend[ed] on who the manager was."(Id., Ex. G, Green Depo. at 51.) Another declarant testified that he was never explicitly told he could not take rest breaks. (Id., Ex. C, Cornejo Depo. at 45.) Gonzalez's declarants who served in a supervisory capacity testified that they never denied their associates rest breaks. (Id., Ex. E, DiGrigoli Depo. at 49; Ex. P, Ordaz Depo. at 57-58; Ex. S, Saric Depo. at 75-76.) Instead, the testimony suggests that associates may not always have been able to take their rest breaks when desired (id., Ex. O, Oglesby Depo. at 64; Ex. P, Ordaz Depo. at 57-58; Ex. S, Saric Depo. at 75-76.), and that at least some employees sometimes forgot to take their breaks (id., Ex. Q, Perry Depo. at 57), or elected to forgo those breaks altogether (id., Ex. S, Saric Depo. at 82).

II.     Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[3]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][4] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 323. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

III.   Discussion

PAGA permits aggrieved employees to bring private actions against an employer to recover civil penalties for violations of the California Labor Code. Gonzalez alleges that, pursuant to PAGA, Cal. Lab. Code §§ 2698 & 2699, he is authorized to recover civil penalties on behalf of himself and numerous "aggrieved employees" who worked at OfficeMax stores in California during the relevant time period. (Compl. at 11, Docket No. 1.) OfficeMax contends that summary judgment is appropriate because Gonzalez failed to exhaust mandatory administrative procedures before filing the PAGA claim and because Gonzalez cannot meet his burden of establishing a Labor Code violation as to every allegedly "aggrieved" employee. (Mot. 2.)

---

[3] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[4] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

### A. Failure to Exhaust Administrative Remedies

Under subdivision (a) of section 2669.3, "[a] civil action by an aggrieved employee pursuant to . . . Section 2699 . . . shall commence only after" the employee gives written notice to the Labor and Workforce Development Agency ("LWDA") and the employer of the alleged violation, and receives notice from the LWDA that it does not intend to investigate the alleged violation. The notice must also "describe the facts and theories supporting the violation." Arias v. Superior Court, 46 Cal. 4th 969, 981 (2009). "[M]erely listing the statute allegedly violated or reciting the statutory authority is insufficient." Ovieda v. Sodexo Operations, LLC, No. CV 12-1750 GHK (Ssx), 2013 WL 3887873, at *3-4 (C.D. Cal. Jul. 3, 2013) (citations omitted). Gonzalez is required to exhaust these administrative procedures prior to filing a PAGA claim. Arias, 46 Cal. 4th at 981; see also Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 370 (Ct. App. 2005) ("Before an employee may file an action seeking to recover civil penalties for violations of any of the Labor Code provisions enumerated in section 2699.5, . . . he or she must comply with the Act's administrative procedures as set forth in section 2699.3, subdivision (a).")

OfficeMax argues that Gonzalez failed to exhaust his administrative remedies because the demand letter failed to put OfficeMax on notice that Gonzalez intended to seek penalties under PAGA or set out the facts and theories supporting a PAGA claim. (Mot. 8-12.) The Court agrees. Gonzalez's demand letter merely reiterates Labor Code provisions he claims OfficeMax violated; it contains no factual support for the claims. The demand letter reads, in part:

> We are investigating a potential class action on behalf of current and former employees, who worked for OfficeMax for premium pay requirements related to OfficeMax's practice of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10, and Labor Code sections 226.7, and related claims, including violations of Labor Code section 226 that requires an employer to provide an itemized statement to employees in regard to their periodic pay periods, section 512 that requires an employer to provide meal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

periods for its employees; section 1197 that mandates the payment of minimum wage; section 1194 that allows an employee to recover the unpaid balance of full amount of minimum wage or overtime compensation; and section 2802 that requires an employer to indemnify its employees for expenditures or losses in discharge of duties or obedience to directions.

(Hollingsworth Decl. Ex. A, Docket No. 94-4.) Such form demand letters devoid of any factual context are routinely found insufficient to exhaust PAGA's administrative remedies. See, e.g., Archila v. KFC U.S. Properties, Inc., 420 Fed. Appx. 667, 669 (9th Cir. 2011) (affirming dismissal of PAGA claim where demand letter contained no factual allegations "whatsoever," even when construed "with utmost liberality") (citation and quotation omitted); Alcantar v. Hobart Service, No. CV 11-1600 PSG (Spx), 2013 WL 228501, at *4 (C.D. Cal. Jan. 22, 2013) (granting summary judgment for defendant on PAGA claim where factual allegations in demand letter were insufficient under Archila); Ovieda, 2013 WL 3887873, at *4 (finding demand letter insufficient where "[t]he notice contains no facts specific to [plaintiff's] principal meal and rest break claim and unpaid wages claim and no information about what [d]efendants' allegedly illegal policy and practices are.").

The cases Gonzalez cites in his favor are readily distinguishable from the present case. In Hoang, the court distinguished the plaintiffs' demand letter from the demand letter in Archila. The plaintiffs in Hoang provided sufficient factual context to alert the employer and LWDA of the grievances at issue, including describing the employer's policies at issue and the employer's failure to itemize the hours plaintiffs worked and the missed meal and rest period premiums owed to them on their pay stubs. Hoang v. Vinh Phat Supermarket, Inc., No. CV 13-724 WBS (GGHx), 2013 U.S. Dist. LEXIS 114475, at *26-29 (E.D. Cal. Aug. 13, 2013). Similarly, the court in Gonzalez compared the demand letter provided by the plaintiff to that in Archila, concluding that the letter passed muster under Archila because it provided sufficient facts to put the employer on notice, including the fact that no address appeared on pay checks issued by the employer, from which the employer could infer that there was no California address where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx) <br> Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

the checks could be cashed. Gonzalez v. Millard Mall Servs., Inc., 2012 WL 3629056, at *5-6 (S.D. Cal. Aug. 21, 2012). No such factual context is presented in the demand letter in the present case.

Because Gonzalez has failed to exhaust his administrative remedies under PAGA, the Court dismisses the claim. However, failure to exhaust administrative remedies is a procedural defect which only warrants dismissal with prejudice if a revised claim would be time-barred. PAGA claims are subject to a one-year statute of limitations. Thomas v. Home Depot USA, Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). The Court finds dismissal with prejudice appropriate. The PAGA claim is not only procedurally defective, but Gonzalez has been on notice of this procedural defect since at least April 24, 2007, when OfficeMax filed its answer asserting the affirmative defense that "Plaintiff may not recover penalties pursuant to [PAGA] because Plaintiff failed to comply with its conditions precedent, including applicable notice-and-cure provisions." (Answer ¶ 25, Docket No. 1.) Any attempt to cure the procedural defect would be too late at this point in time. Accordingly, the Court grants the motion. Because Gonzalez's demand did not detail possible violations of other class members, his ability to assert PAGA claims on their behalf likewise fails. Alcantar v. Hobart Service, No. 11-1600 PSG (Spx), 2013 WL 228501, at *3-4 (C.D. Cal. Jan. 22, 2013).

  **B. Failure to Prove a Labor Code Violation as to Every "Aggrieved Employee"**

OfficeMax contends Gonzalez fails to prove a labor code violation as to every "aggrieved employee." (Mot. 12.) This argument is based in part on the Court's previous denial of class certification (Docket No. 80), from which OfficeMax infers Gonzalez may not bring a PAGA claim, which is necessarily representative. (Mot. 12-13.) The Court declines to wade into the debate concerning whether plaintiffs must meet the standards for class certification to bring a PAGA claim because the Court finds Gonzalez has not provided evidence that OfficeMax had a practice of failing to permit meal or rest periods sufficient to support a representative claim.

The Court previously analyzed California's rest and meal break

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx)<br>Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

requirements in its Order denying class certification. (Docket No. 80.) There, the Court relied heavily on the recent decision in Brinker, which embraced the "authorize and permit" standard for meal period and rest break violations. Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012). The California Supreme Court held that "an employer's obligation is to relieve its employee of all duty, with the employee thereafter at liberty to use the [break] for whatever purpose he or she desires, but the employer need not ensure that no work is done." Id. at 1017. Here, there is no genuine dispute that OfficeMax's official policies complied with California law. (See SUF ¶¶ 4-10.) The only question is whether OfficeMax had a practice of denying breaks to its employees, such as by not making breaks available or requiring employees work through their breaks.

Gonzalez does not provide sufficient evidence to create a triable issue of fact concerning whether OfficeMax had a practice of failing to permit meal or rest periods. Borhani's declaration and report merely indicate the numbers of earned breaks for which there is no punch data. (See Perlman Decl. Ex. 1.) While this raises a rebuttable presumption that the employees were not provided a break, this presumption is negated by OfficeMax's evidence indicating the multiple reasons why punch data would reveal such a deficit. See Brinker, 53 Cal. 4th at 1053 (that a rest break is not recorded creates a rebuttable presumption that the employee was not relieved of duty and that no rest break was provided) (Werdegar, J., concurring). These reasons include malfunctions of the punch system, employees declining to take breaks offered to them, and employees forgetting to punch out on breaks, among other reasons. (Hollingsworth Decl. Ex. ,Y at 3-11; Mot. 14-16.) Nothing about the punch data, in and of itself, could lead a reasonable jury to conclude OfficeMax had a practice of denying breaks to employees. Absent other evidence contextualizing the punch data, the Court cannot conclude based on Borhani's extremely abstracted data analysis that a triable issue of fact exists as to whether OfficeMax had a practice of denying breaks. No other evidence exists to provide the requisite context. Anecdotal testimonial evidence from various OfficeMax employees (detailed in Section I.B supra) only reaffirms the various reasons why employees fail to punch out for rest breaks or meal periods. (Oneale Decl., Docket Nos. 41, 42.) Further, no pattern emerges from the punch data that could reasonably lead to the inference that OfficeMax had a practice of denying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-00452-JVS (JPRx) Consolidated with CV 07-04839 JVS (PJWx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Mauricio Gonzalez v. OfficeMax North America, Inc. et al. | | |

rest breaks and meal periods. (Mot. 5-6.) For these reasons, there is insufficient evidence on which to base a representative claim for meal and rest break violations.

Accordingly, the Court grants the motion.

IV. Conclusion

For the foregoing reasons, the Court grants the motion for partial summary judgment as to the PAGA claim.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | dv |